IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

## SHERRIE GRAHAM FARVER v. DR. KENNETH CARPENTER

**Direct Appeal from the Circuit Court for Anderson County**
**No. 98LA0168    Hon. James B. Scott, Jr., Circuit Judge**

---

**No. E1999-01840-COA-R3-CV - Decided June 23, 2000**

---

JUDGE SWINEY, Dissenting

I respectfully dissent from the majority opinion. From the record before us on appeal, I believe it was reversible error for the Trial Court to permit Plaintiff's expert to testify that the Defendant breached the recognized standard of acceptable professional practice. I believe the testimony presented by Plaintiff's expert, Dr. Patterson, was insufficient to satisfy the requirements of T.C.A. §29-26-115(a)(1) and related case law on that section. In short, Dr. Patterson's testimony in no way showed that he was familiar with the recognized standard of acceptable professional practice for psychiatrists in Knoxville, Tennessee or a similar community.

I respectfully disagree with the majority's finding that Dr. Patterson stated that he was familiar with the local standard of care. Dr. Patterson testified only that he was familiar with the standard of care for psychiatrists in East Tennessee. Dr. Patterson never testified that he was familiar with the standard of care in Knoxville or a similar community. While Knoxville is certainly a part of East Tennessee, it is only one of many separate communities in East Tennessee. T.C.A. § 29-26-115(a)(1) requires proof of the recognized standard of acceptable professional practice in the community in which Defendant practices or a similar community. In this case, Knoxville is the community in which Defendant practiced. East Tennessee is not the community in which Defendant practiced anymore than the State of Tennessee is the community. Plaintiff presented no testimony from Dr. Patterson which supports the Trial Court's and the majority's conclusion that Dr. Patterson was familiar with the acceptable standard of professional practice in Knoxville. Additionally, there was no evidence presented that Dr. Patterson was familiar with the recognized acceptable standard of professional practice in a community similar to Knoxville. He may have been familiar with the recognized acceptable standard of professional practice in Knoxville or a similar community, but there is no evidence in this record to support that conclusion.

Likewise, I disagree with the majority's finding that Defendant never properly

objected to Dr. Patterson's qualifications to testify as to the standard of care in Knoxville. I believe the record shows that Defendant did object to the admissibility of Dr. Patterson's opinion testimony and that the objections went to the lack of proof of Dr. Patterson's familiarity or knowledge of the acceptable standard of professional practice of a psychiatrist in Knoxville, Tennessee or a similar community. Defendant's counsel made these objections at the time Dr. Patterson was asked to state his opinion concerning the standard of care and deviations from that standard of care. These objections specifically went to a lack of foundation and qualifications of Dr. Patterson as an expert witness on the standard of care and deviation from that standard of care.

There is nothing in the record before us showing us Dr. Patterson's familiarity with the practice of psychiatry in Knoxville, Tennessee or a similar community. The record does show Dr. Patterson's lack of knowledge of Knoxville's medical resources and community. While it is not necessary for an expert such as Dr. Patterson to know all the medical statistics of a particular community,

> . . . a complete lack of knowledge concerning a community's medical resources would be contrary to knowledge of the required standard of care. The plaintiff's tendered expert must be familiar with the standard of care in the community in which the defendant practices or in a similar community. Without this requisite threshold evidence of the standard of care in the locality, a plaintiff cannot demonstrate a breach of duty.

*Mabon v. Jackson-Madison Co. General Hosp.*, 968 S.W. 2d 826, 831 (Tenn. Ct. App. 1997), perm. app. denied (Tenn. 1998).

Dr. Patterson's answer that he is familiar with the standard of care in East Tennessee, even ignoring the fact that East Tennessee is not the community in question, is insufficient to make his testimony relevant and admissible. As this Court recently held, ". . . we find no support for the proposition that a witness' statement that he or she is familiar with the standard of care, ipso facto, renders that testimony relevant and admissible." *Carmichael v. Bridgeman*, 03A01-9904-CV-00124, 2000 WL 124843, at*4 (Tenn. Ct. App., Jan. 26, 2000). We declined to accept plaintiff's argument in *Carmichael* that because her expert witness affirmatively professed a familiarity with the applicable standard of care, and because his testimony did not clearly indicated otherwise, the Trial Court should have allowed his testimony. As in *Carmichael*, Dr. Patterson's affirmative statement that he is familiar with the standard of care in East Tennessee does not make his testimony relevant and admissible.

While the continuing necessity for the locality rule may be open to argument, what is not open to argument is the current state of the law in Tennessee. For better or worse, the Tennessee Legislature has determined the locality rule is appropriate in medical malpractice cases. I believe this threshold requirement of familiarity by Dr. Patterson with the acceptable standard of care in Knoxville or a similar community was not met, and that Defendant made proper objection to Dr. Patterson's testimony being submitted to the jury. I would hold that it was error by the Trial

Court to permit Dr. Patterson's opinion testimony to be presented to and considered by the jury. Without Dr. Patterson's testimony, there is no material evidence in the record to support the verdict. However, had the Trial Court excluded Dr. Patterson's testimony, Plaintiff would have had the option of taking a voluntary dismissal and refiling her lawsuit or perhaps presenting additional expert testimony. Because of this, I believe the appropriate remedy in this Court would be to vacate the judgment and remand this matter for a new trial.